
U.S. Department of Justice

*United States Attorney
Eastern District of New York*

F. #2002R01478

*One Pierrepont Plaza
Brooklyn, New York 11201*

*Mailing Address:* 147 Pierrepont Street
Brooklyn, New York 11201

June 22, 2005

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Phillip Anthony Moe
            Criminal Docket No. 02-888 (RJD)

Dear Judge Dearie:

     The government moves to quash the subpoena served on the Federal Bureau of Prisons ("BOP") in the above-captioned case. The subpoena, served on the Metropolitan Detention Center ("M.D.C.") by the defendant, requests "any and all inmate records" for the defendant. See subpoena, attached as Exhibit A.

     The government moves to quash the subpoena on the ground that the defendant has failed to comply with the requirements of Rule 17 of the Federal Rules of Criminal Procedure. For the reasons set forth below, the Court should quash the subpoena served on BOP.[1]

---

[1]   As an initial matter, the subpoena should be quashed because the defendant has failed to comply with the United States Department of Justice ("DOJ") Touhy regulations, which require a party seeking information from a component of DOJ, such as BOP, see 28 C.F.R. § 0.1, to summarize the information requested and state with particularity its relevance to the party's case. See 28 C.F.R. § 16.21 et seq. (promulgated pursuant to 5 U.S.C. § 301); United States ex rel. Touhy v. Ragen, 340 U.S. 462, 467-68 (1951) (finding that the Attorney General may "prescribe regulations not inconsistent with law for 'the custody, use, and preservation of the records, papers and property appertaining to' the Department of Justice."). Here, the defendant has failed to provide anything to BOP concerning the information sought in the subpoena. Contrary to DOJ's Touhy regulations, the defendant has not summarized the relevancy or materiality of the requested telephone records and conversations. Without such a summary, BOP

The Subpoena Does Not Comply With Rule 17

The subpoena does not comply with Rule 17 of the Federal Rules of Criminal Procedure. Rule 17(c) governs the issuance of a subpoena that seeks the production of material in a criminal case. Rule 17(c) may only be used to obtain materials which would be admissible as evidence at trial. See Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951); United States v. Rich, No. 83 CR. 579 (SWK), 1984 WL 845, at *3 (S.D.N.Y. Sept. 7, 1984) (stating, "Rule 17(c) requires a showing that the materials sought are currently admissible in evidence; it cannot be used as a device to gain understanding or explanation.").

Rule 17(c) subpoenas are not tools of discovery in criminal cases. See Bowman, 341 U.S. at 220; United States v. Cherry, 876 F. Supp. 547, 552 (S.D.N.Y. 1995). Indeed, "courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." United States v. Jasper, No. 00 CR. 825 (PKL), 2003 WL 1107526, at *1 (S.D.N.Y. Mar. 13, 2003) (quoting United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir. 1980)); see Bowman, 341 U.S. at 220 (stating, "It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. . . . Rule 17(c) was not intended to provide an additional means of discovery."). Therefore, the Supreme Court has indicated that a party seeking production of material pursuant to a Rule 17(c) subpoena must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by

---

lacks sufficient information to determine whether or not in the first instance to authorize the disclosure of the subpoenaed material. See, e.g., United States v. Henson, 123 F.3d 1226, 1236 (9th Cir. 1997) (upholding decision to quash subpoena seeking ATF policy manual because defendant did not follow the regulations governing the disclosure of government manuals); United States v. Williams, 170 F.3d 431, 434 (4th Cir. 1999) (finding that "[u]nder the Justice Department regulations, a state criminal defendant is simply required to serve upon agency officials, in addition to his state court subpoena or other demand for information, a response to the United States Attorney's request for a summary of the information sought and its relevance to the proceeding.").

>     exercise of due diligence; (3) that the party
>     cannot properly prepare for trial without
>     such production and inspection in advance of
>     trial and that the failure to obtain such
>     inspection may tend unreasonably to delay the
>     trial; and (4) that the application is made
>     in good faith and is not intended as a
>     general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 699-700 (1974) (footnote omitted). As this Court has explained, "[t]his four-part test governing the propriety of a subpoena under Rule 17(c) has been construed by the Supreme Court as requiring the party seeking a subpoena to 'clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity.'" United States v. Drakopoulos, No. 02 CR 504 (SJ), 2003 WL 21143080, at *1 (E.D.N.Y. Jan. 13, 2003) (citing Nixon, 418 U.S. at 700).

In Drakopoulos, one of the defendants served a subpoena on Ameritrade seeking "[a]ll tape recordings of any telephone conversations involving Dimitrios Kostopoulos [a potential government witness] during the time period from January 1, 1999 through August 31, 2000." The defendant subsequently limited the request to recorded conversations from February 1, 2000 through August 31, 2000. See id.

In granting Ameritrade's motion to quash the subpoena, this Court found that the defendant failed to satisfy the factors in Nixon, particularly that the subpoena lacked specificity. See id. While the defendant argued that "the telephone recordings he seeks will contain some information that is relevant and useful for his defense," this Court found that he has failed to identify with specificity which phone recordings he seeks. Id. This Court explained that by requesting "every telephone conversation involving Dimitrios Kostopoulos for every day during a seven-month period, regardless of whom the conversation was with," the defendant "has not requested 'precisely identified conversations and meetings,' nor has he shown 'a sufficient likelihood that each of the tapes contains conversations relevant to the offenses charged in the indictment.'" Id. (quoting Nixon, 418 U.S. at 700). Rather, this Court concluded that the defendant's request "appears in its breadth to be the sort of 'blanket [request] . . . routinely rejected . . . for a lack of specificity.'" Id. (quoting United States v. Hutchinson, No. 97 CR 1146 (ILG), 1998 WL 1029228, at *2 (E.D.N.Y. Dec. 23, 1998)).

In Hutchinson, the defendant served a subpoena on the warden of the Metropolitan Detention Center for all tape recorded

telephone conversations of inmate Andrew King, a potential government witness. Without addressing the potential relevancy or admissibility of the taped conversations, Judge Glasser found that "the subpoena lack[ed] the specificity required to survive the government's motion to quash." Id. at *1.

In doing so, the court explained that "such blanket requests have routinely [been] rejected . . . for a lack of specificity." Id. In support, the court relied, among other cases, upon United States v. Noriega, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991), in which the prosecution's use of trial subpoenas issued to a prison to obtain an inmate's tape recorded telephone conversations was an improper use of Rule 17(c). That court found that the subpoena "constituted a broad dragnet aimed at bringing in anything and everything contained in the recordings regardless of their identifiable or foreseeable significance to the charges at issue." Id. at 1493; see also In re Grand Jury Subpoena: Subpoena Duces Tecum, 829 F.2d 1291, 1302 (4th Cir. 1987) (finding subpoena's specificity illusory where it did not refer to specific videotapes and required burdensome searches).

The same considerations are present in the instant case. The defendant seeks "any and all inmate records" relating to the defendant. Not only does the defendant neglect to specify with any particularity the type of documents requested, he also neglects to state how such documents are: 1) relevant; or 2) likely to contain the type of information he seeks. The defendant's request appears to be nothing more than a general fishing expedition prohibited by Rule 17, and should therefore be rejected.

For all of the foregoing reasons, the Court should quash the subpoena served on the MDC.

         Respectfully submitted,

         ROSLYNN R. MAUSKOPF
         United States Attorney

    By: _____
      Todd Harrison
      Assistant U.S. Attorney
      (718) 254-7580

cc: David Stern, Esq.